**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**MARCUS HUDSON**                                                **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 2:15cv26-KS-MTP**

**HATTIESBURG POLICE DEPARTMENT**                      **DEFENDANT**

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon the Plaintiff's failure to appear at the *Spears* hearing set in this matter, and upon his failure to comply with the Court's Order [13]. Based on the record and applicable law, the undersigned recommends that this matter be dismissed with prejudice.

**STANDARD**

Under Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for the plaintiff's failure to prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The Court's power "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to...clear [its] calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief...so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial courts' discretionary authority under Rule 41(b)).

**ANALYSIS**

Plaintiff Marcus Hudson, proceeding *pro se* and *in forma pauperis*, filed the instant action on March 9, 2015. *See* Complaint [1]. Because the Plaintiff is proceeding IFP, the Court directed

1

no process to issue pending a preliminary screening of the his claims. *See* Order [3]; *see also Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (dismissing non-prisoner's *in forma pauperis* complaint for frivolity and failure to state a claim under 28 U.S.C. § 1915(e)(2)); *Dawson v. Parkland Health and Hosp. Sys.*, No. 3:06cv1660-N, 2006 WL 3342622, at *1 n.1 (N.D. Tex. Nov. 17, 2006) ("Section 1915 (e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases.").

On December 1, 2015, the Court entered Order [12] setting this matter for an omnibus hearing and a case management conference for January 5, 2016, at 11:00 a.m. Plaintiff failed to appear at the hearing despite being advised that he could be sanctioned by the court as provided by the Federal Rules of Civil Procedure if he failed in good faith to prepare for the hearing. *See* Order [12]. On January 6, 2016, the Court issued Order [13], directing the Plaintiff to show cause in writing on or before January 15, 2016, setting forth why this action should not be dismissed for his failure to appear at the omnibus hearing scheduled in this matter. The Plaintiff was warned that his failure to respond to this order or to show good cause may result in this civil action being dismissed with prejudice and without further notice. The January 15, 2016, deadline has expired without any response from the Plaintiff.

The Plaintiff was warned repeatedly that it is his responsibility to prosecute this case and that his failure to comply with any order of this Court may result in its dismissal. *See* Orders [3] [4] [8] [13]. Despite these cautions, the Plaintiff has failed to actively pursue this lawsuit or otherwise show cause why it should not be dismissed. Therefore, this case is ripe for dismissal under Rule 41(b). *Hejl v. State of Texas*, 664 F.2d 1273, 1274-75 (5th Cir. 1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal where plaintiff had been warned that dismissal

could result from his failure to comply with a court order); *Balawajder v. Parker*, 56 F.3d 1386 (5th Cir. 1995). As it appears that the Plaintiff has lost interest in pursuing his lawsuit and has abandoned it, this case should be dismissed for failure to prosecute.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that this lawsuit be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b).

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 22nd day of January, 2016.

        s/ Michael T. Parker
        United States Magistrate Judge